IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN ACEVEDO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| CITY OF CHICAGO and MEDVOC | ) |
| REHABILITATION, LTD., | ) |
| | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

## FEDERAL COMPLAINT

NOW COMES the Plaintiff, SUSAN ACEVEDO, by and through her attorneys, Barry A. Gomberg of Barry A. Gomberg & Associates, Ltd., and complaining of the Defendants CITY OF CHICAGO and MEDVOC REHABILITATION, LTD., states as follows:

## NATURE OF ACTION

1. This is an action for perceived physical disability discrimination pursuant to the Americans with Disabilities Act, 42 USC 12101, *et seq*.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over Plaintiff's disability discrimination claim pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Acevedo is a resident of Chicago, Illinois, and has resided in Chicago, Illinois and Cook County at all times relevant to this lawsuit.

4. Defendant City of Chicago is a municipal corporation doing business in this jurisdiction.

5. Defendant Medvoc provides medical case management, vocational rehabilitation and job placement services to injured employees.

6. Defendants City of Chicago and Medvoc are joined together as Defendants in this matter pursuant to Fed. R. Civ. P. 20.

## COUNT I –
## AMERICANS WITH DISABILITIES ACT
## AGAINST DEFENDANT CITY OF CHICAGO

1-6. Acevedo re-alleges and incorporates as if fully set forth herein paragraphs 1-6 above.

7. Acevedo brings this cause pursuant to the Americans with Disabilities Act, 42 USC §12101 *et seq*.

8. Acevedo has filed this cause subsequent to the filing of a Charges of Discrimination based on disability and perceived physical disability with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), a true and correct copy of which is attached hereto and incorporated herein as Group Exhibit A.

9. Acevedo filed this cause pursuant to a Right to Sue Letter issued by the EEOC within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

10. Acevedo, at all times relevant hereto, was regarded and perceived as being disabled by her employer as defined by 42 USC §12102(2).

11. Defendant City of Chicago, at all times relevant hereto, was an employer as defined by 42 USC §12111(5).

11. Acevedo was hired by Defendant City of Chicago on or about 2002.

12. In June 2013, Acevedo was injured when her right hand was crushed by a toolbox while working as a cement mixer at work.

13. Additionally, Acevedo developed breast cancer in both breasts which require Acevedo to have two surgeries and not participate in all job search activities while under treatment and recovery for same.

14. Defendant City of Chicago was aware of Acevedo's work place injury and subsequent cancer diagnosis.

15. After Acevedo reached maximum medical improvement ("MMI"), she applied for positions within Defendant City of Chicago that met her medical restrictions but was not offered a position.

16. Defendant City of Chicago required Acevedo to work with Medvoc Rehabilitation Ltd. in an effort to return to work or find a new job.

17. While working with Medvoc, Medvoc informed Acevedo that she was required to take any job, whether it met her medical restrictions or not, that Acevedo should lie and not say anything to prospective employers regarding her work injury but only say that she was looking for a "less strenuous job," and that Acevedo would lose her compensation if she did not comply.

18. Defendant City of Chicago regarded Acevedo as being disabled.

19. Acevedo's referral to Medvoc Rehabilitation by Defendant City of Chicago was pretextual because Defendant City of Chicago did not want Acevedo to return to work with her disabilities and they utilized the services of Medvoc to get Acevedo a replacement position with another employer by any means (including by encouraging Acevedo to lie to future employers about her injury and accepting a job that did not meet any minimal physical requirements that

3

Acevedo had) in order to relieve Defendant City of Chicago of future responsibility towards Acevedo.

20. Defendant City of Chicago's reason for not placing Acevedo in another work position was pretextual.

21. Other individuals who are not permanently disabled and/or who are not perceived as permanently disabled were permitted to either return to work with the City of Chicago after being injured or placed in comparable jobs by Defendant City of Chicago, including, but not limited to, Ralph Ferro and Kenny Mackie.

22. In direct violation of the Americans with Disabilities Act, 42 USC §12101 *et seq*., Defendant City of Chicago, by its agents and employees, engaged in the discriminatory acts described above and in the Charge of Discrimination, attached hereto as Exhibit A and incorporated herein by reference.

23. As a result of Defendant City of Chicago's discriminatory conduct as aforesaid, Acevedo has suffered injury to her career as well as emotional pain suffering, inconvenience, mental anguish and loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 USC §1981a.

24. Defendant's discriminatory conduct, as aforesaid, was done with malice and/or reckless indifference to Acevedo's civil rights.

WHEREFORE, Plaintiff SUSAN ACEVEDO prays for judgment against Defendant City of Chicago as follows:

A. For an award of compensatory damages for injury to Plaintiff's career, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, lost wages, and other pecuniary and non-pecuniary damages;

B.      For an award of lost wages in an amount to be determined at the time of trial;

C.      For reinstatement, instanter, with all pay, benefits and privileges she had before Defendant City of Chicago failed to reinstate her, alternatively, for front pay, if the Court deems reinstatement instanter to be inappropriate;

D.      For attorney's fees and costs of this suit, including expert witness fees;

E.      For pre-judgment interest in an amount to be determined at the time of trial; and

F.      For such other relief as is just and equitable.

## COUNT II –
## AMERICANS WITH DISABILITIES ACT
## AGAINST DEFENDANT MEDVOC REHABILIATION, LTD.

1-6.      Acevedo re-alleges and incorporates as if fully set forth herein paragraphs 1-6 above.

7.      Acevedo brings this cause pursuant to the Americans with Disabilities Act, 42 USC §12101 *et seq*.

8.      Acevedo has filed this cause subsequent to the filing of a Charges of Discrimination based on disability and perceived physical disability with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC"), a true and correct copy of which is attached hereto and incorporated herein as Group Exhibit C.

9.      Acevedo filed this cause pursuant to a Right to Sue Letter issued by the EEOC within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit D.

10. Acevedo, at all times relevant hereto, was regarded and perceived as being disabled by Defendant Medvoc as defined by 42 USC §12102(2).

11. Defendant Medvoc Rehabilitation, at all times relevant hereto, was a covered entity as defined by 42 USC §12111(2).

12. Defendant Medvoc acts as an employment agency and provides job placement services to employees injured on the job.

13. Acevedo began her employment with the City of Chicago Department of Transportation in 2002.

14. Acevedo was injured in June 2013 when her right hand was crushed by a toolbox while working as a cement mixer while at work.

15. Additionally, Acevedo developed breast cancer in both breasts which require Acevedo to have two surgeries and not participate in all job search activities while under treatment and recovery for same.

16. Defendant Medvoc was aware of Acevedo's work place injury and subsequent cancer diagnosis.

17. After Acevedo reached maximum medical improvement ("MMI"), she applied for positions within the City of Chicago that met her medical restrictions but was not offered a position.

18. The City of Chicago required Acevedo to work with Defendant Medvoc Rehabilitation Ltd. in an effort to return to work or find a new job.

19. While working with Defenant Medvoc, Defendant Medvoc informed Acevedo that she was required to take any job, whether it met her medical restrictions or not, that Acevedo should lie and not say anything to prospective employers regarding her work injury but only say

6

that she was looking for a "less strenuous job," and that Acevedo would lose her compensation if she did not comply.

20. Defendant Medvoc regarded Acevedo as being disabled.

21. While Acevedo was working with Defendant Medvoc to obtain a work position, Defendant Medvoc reported to the City of Chicago on June 18, 2015 that Acevedo failed to do what they wanted her to do in terms of searching for a job. However, Defendant Medvoc failed to report that the reason was because Acevedo had developed breast cancer in both breasts which required her to have two surgeries and not participate in all job search activities while under treatment and recovery.

22. Defendant Medvoc's services to Acevedo were a pretext for discrimination. The City of Chicago did not want Acevedo to return to work with her disabilities and they utilized the services of Defendant Medvoc to get Acevedo a replacement position with another employer by any means (including by encouraging Acevedo to lie to future employers about her injury and accepting a job that did not meet any minimal physical requirements that Acevedo had) in order to relieve City of Chicago of future responsibility towards Acevedo.

23. Other individuals who are not permanently disabled and/or who are not perceived as permanently disabled were permitted to either return to work with the City of Chicago after being injured or placed in comparable jobs by Defendant Medvoc, including, but not limited to, Ralph Ferro and Kenny Mackie.

24. In direct violation of the Americans with Disabilities Act, 42 USC §12101 *et seq.*, Defendant Medvoc, by its agents and employees, engaged in the discriminatory acts described above and in the Charge of Discrimination, attached hereto as Exhibit C and incorporated herein by reference.

25. As a result of Defendant Medvoc's discriminatory conduct as aforesaid, Acevedo has suffered injury to her career as well as emotional pain suffering, inconvenience, mental anguish and loss of enjoyment of life, and other pecuniary and non-pecuniary losses for which she is entitled to compensatory damages pursuant to 42 USC §1981a.

26. Defendant's discriminatory conduct, as aforesaid, was done with malice and/or reckless indifference to Acevedo's civil rights.

WHEREFORE, Plaintiff SUSAN ACEVEDO prays for judgment against Defendant Medvoc Rehabilitation, Ltd. as follows:

B. For an award of compensatory damages for injury to Plaintiff's career, emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, lost wages, and other pecuniary and non-pecuniary damages;

B. For an award of lost wages in an amount to be determined at the time of trial;

C. For reinstatement, instanter, with all pay, benefits and privileges she had before Defendant Medvoc failed to place her in a position, alternatively, for front pay, if the Court deems reinstatement instanter to be inappropriate;

D. For attorney's fees and costs of this suit, including expert witness fees;

E. For pre-judgment interest in an amount to be determined at the time of trial; and

F. For such other relief as is just and equitable.

Respectfully submitted,

SUSAN ACEVEDO

By: s/Barry A. Gomberg
 One of Plaintiff's Attorneys

Barry A. Gomberg
BARRY A. GOMBERG & ASSOC., LTD.
53 West Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550